UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEAN CRUMP,<br><br>        Petitioner,<br><br>   v.<br><br>MARVIN GARDENS HALFWAY HOUSE, et al.,<br><br>        Respondents. | No. SA CV 15-00385-PSG (VBK)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2241 |

Jean Crump (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody" pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of California on March 2, 2015. Petitioner is currently incarcerated at the Santa Ana County Jail in Santa Ana, California. (Petition at 2.) Petitioner was formerly incarcerated at the United States Penitentiary in Victorville, California and the Marvin Gardens Halfway House in Los Angeles as a result of her conviction and sentence in the United States District Court for the Central District of California in 2013. (Id.)

On March 10, 2015, an Order of Transfer was issued by United States District Judge Jon S. Tigar transferring the Petition to the

1  United States District Court for the Central District of California
2  pursuant to 28 U.S.C. § 1404(a).
3      Petitioner contends that on November 26, 2014 she was released
4  from the Marvin Gardens Halfway House for home confinement. However,
5  while waiting to sign out for home confinement, the staff could not
6  find Petitioner's home confinement papers and told her she would have
7  to report twice a week for drug testing. Petitioner told the staff
8  that she is not an addict or alcoholic and asked the staff why she had
9  to submit to the tests. (Petition at 3.) Petitioner was advised by
10 staff "that is just the way it is." (Id.) Petitioner asked to see
11 something in writing and was refused. Petitioner called her Probation
12 Officer and was told she was not to report to her but to the Halfway
13 House. (Id.) Petitioner alleges she went back to take the UA test but
14 was told that two hours had passed. Petitioner placed on lockdown and
15 then taken to jail. (Id.)
16      Petitioner alleges the Bureau of Prisons ("BOP") conspired with
17 the Halfway House and sent Petitioner to the Santa Ana Jail. (Id. at
18 4.) Petitioner also alleges that there are no doctors at the Santa Ana
19 Jail. Petitioner is 72 years old with cancer in remission and suffers
20 from bone disease and has a fractured right knee. Petitioner alleges
21 the people at the Jail are racists and take pride in harassing BOP
22 inmates. (Id. at 4.)
23    According to  traditional interpretation the writ of habeas corpus
24 is limited to the legality or duration of confinement. See Preiser v.
25 Rodriquez, 411 U.S. 475, 484-86 (1973); Crawford v. Bell, 599 F.2d
26 890, 891 (9th Cir. 1979).  The appropriate remedy for causes of action
27 arising out of conditions of confinement as outlined in the Petition
28 would be a judicially mandated change in conditions and/or an award of

2

damages, but not release from confinement.

Petitioner's claims are not cognizable in habeas corpus. Section 2241 of Title 28 provides that a writ of habeas corpus can only be issued if Petitioner is in custody for a violation of a statute or order, and that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c).

Petitioner does not seek release from confinement nor does she argue that her current incarceration is unconstitutional. Rather, Petitioner seeks medical treatment and an end to staff harassment. These allegations do not go to the fact or duration of Petitioner's confinement. It appears that Petitioner is actually claiming a violation of her civil rights. If so, Petitioner should file the appropriate action.[1]

Since Petitioner does not state a claim for relief under 28 U.S.C. § 2241, dismissal of the Petition is warranted.

**IT IS ORDERED** as follows:

1. The Petition is dismissed;

2. The Clerk shall mail Petitioner the proper form on which to

---

[1] Since the passage of the Prisoner Litigation Reform Act ("PLRA") in 1995, prisoners are now subject to various constraints in filing civil rights actions, including filing fees requirements, limits on the number of actions that may be filed in forma pauperis and, most pertinent here, strict exhaustion requirements. Woodford v. Ngo, 548 U.S. 81, 84-85 (2006); see also Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that exhaustion of administrative remedies is required for all prisoner suits seeking redress for prison occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) (holding that PLRA requires district courts to dismiss actions without prejudice where the prisoner failed to exhaust administrative remedies before filing suit). Because of these different requirements, this Court concludes it would be inappropriate to construe the Petition as a civil rights complaint.

file a civil rights action; and

    3.    The Clerk shall mail a copy of this Order to Petitioner and Respondent.

DATED: <u>March 20, 2015</u>

                      PHILIP S. GUTIERREZ
                      UNITED STATES DISTRICT JUDGE

Presented on
March 18, 2015 by

        /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE